IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JASMINE BOULDEN, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-0465 (PTG/LRV) |
| | ) |
| MARTIN O'MALLEY, Commissioner, Social Security Administration, | ) ) |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on the January 19, 2024 Report and Recommendation from Magistrate Judge Lindsey Robinson Vaala regarding Plaintiff's Motion for Summary Judgment (Dkt. 16) and Defendant's Motion for Summary Judgement (Dkt. 19). Dkt. 24. The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgement (Dkt. 16), grant Defendant's Motion for Summary Judgment (Dkt. 19), and affirm the final decision of Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff disability insurance benefits for the period of August 27, 2020 through June 22, 2022. Dkt. 24. Plaintiff timely objected to the Magistrate Judge's Report and Recommendation (Dkt. 25) and Defendant filed a response (Dkt. 27). This Court has reviewed the Report and Recommendation, the parties' submissions, and the record herein. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections (Dkt. 25) and **ADOPTS and APPROVES** the Magistrate Judge's Report and Recommendation (Dkt. 24).

## I. Factual Background

As an initial matter, the Court finds that the Magistrate Judge accurately and comprehensively detailed the procedural history and factual background of this case in the Report and Recommendation, Dkt. 24 at 2–15, and neither party has objected to those portions. Accordingly, this Court adopts those findings in full and will not recount them beyond what is stated immediately below:

On August 27, 2020, Plaintiff applied for disability insurance benefits ("DIB") with an alleged onset date of August 27, 2020, due to several alleged ailments. Administrative Record ("AR") 92–93. On July 23, 2021, Plaintiff was denied DIB by the Social Security Administration ("SSA"). AR 112. On December 3, 2021, the SSA affirmed its denial upon reconsideration. AR 116, 118. On June 22, 2022, Administrative Law Judge ("ALJ") Francis Ayer, after conducting a hearing, found that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. AR 17, 29. The Appeals Council then denied Plaintiff's request that it review the ALJ's decision. AR 1. As a result, the ALJ's decision became the final decision of the Commissioner. *Id.*

On April 10, 2023, Plaintiff filed a civil action in this Court seeking review of the ALJ's decision, pursuant to 42 U.S.C. § 405(g). Dkt. 1. On August 7, 2023, following an extension of filing deadlines, Dkt. 14, Plaintiff filed her Motion for Summary Judgment, Dkt. 16. On September 19, 2023, Defendant filed a Motion for Summary Judgment. Dkt. 19. After reviewing the record, the Magistrate Judge entered her Report and Recommendation recommending that the ALJ's decision be affirmed, that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted. Dkt. 24. On February 2, 2024, Plaintiff

objected to the Report and Recommendation, Dkt. 25, and on February 16, 2024, Defendant responded to Plaintiff, Dkt. 27.

## II. Legal Standard

This Court reviews *de novo* any part of the magistrate judge's disposition to which an objection has been properly made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b). Upon review, this Court must decide "whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard." *Boyd v. Kijakazi*, No. 2:21-cv-29, 2022 WL 949904, at *1 (E.D. Va. Mar. 29, 2022) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Thereafter, if the Court determines that "the Commissioner's denial of benefits is supported by substantial evidence and was reached by applying the correct legal standard, the Court must affirm the Commissioner's final decision." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

Congress makes clear that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner . . . the court shall review only the question of conformity with such regulations and the validity of such regulations." 42 U.S.C. § 405(g). Here, "[s]ubstantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021) (quoting *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015)). "In undertaking this review, it is not our place to 're-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].'" *Id.* (alteration in original) (quoting *Craig*, 76 F.3d at 589).

### III.     Analysis

Plaintiff appears to raise two issues in her objection: (1) the ALJ allegedly violated 20 C.F.R. § 416.920c by failing to properly analyze the "supportability" and "consistency" factors in evaluating the findings of Drs. Sampson and Oritt, the state agency psychologists' opinions, Dkt. 25 at 2–3; and (2) the ALJ's analysis with respect to absenteeism was incorrect, *id.* at 3–4.

In analyzing disability claims, ALJs are required to consider a medical opinion's persuasiveness by assessing multiple factors pursuant to 20 C.F.R. § 404.1520c(c). "Supportability" and "consistency" are two of those factors and, as stated, the ones that Plaintiff raises here. 20 C.F.R. § 404.1520c(c)(1)–(2). "To assess supportability, the ALJ must consider whether a medical source considered relevant 'objective medical evidence and [presented] supporting explanations.'" *Todd A. v. Kijakazi*, No. 3:20-cv-594, 2021 WL 5348668, at *5 (E.D. Va. Nov. 16, 2021) (alteration in original) (quoting 20 C.F.R. § 404.1520c(c)(1)).

In July 2021, after reviewing the record, Dr. Sampson determined that although Plaintiff suffered from severe anxiety and severe depressive, bipolar, and related disorders, she was "not disabled" under the applicable regulations. AR 93–96, 100. Specifically, with respect to absenteeism, Dr. Sampson opined that "in general [Plaintiff] can complete a normal work day and work week[,]" that she "might miss 1-2 days/month due to depression and anxiety[,]" and that she would "work best with occasional contact with others." AR 99.

On December 3, 2021, after again reviewing the record, Dr. Oritt affirmed Dr. Sampson's determination and found that Plaintiff was not disabled. AR 101, 108. Dr. Oritt opined that Plaintiff "can complete a general work day and work week." AR 106. He added that Plaintiff's "[d]epression and anxiety diagnosis may cause her to miss a few days of work in a month." *Id.*

In considering Dr. Sampson and Dr. Oritt's opinions, the ALJ concluded that they were "somewhat persuasive" and applied the supportability and consistency factors. AR 26. Regarding supportability, the ALJ explained that the state agency psychologists "supported their opinions with explanations based on a review of the available records at that time, and an understanding of Social Security Administration disability policies and evidentiary requirements." *Id.*

Plaintiff objects to the Magistrate Judge's finding that substantial evidence supported the ALJ's conclusion that Dr. Sampson's and Dr. Oritt's opinions were supported. In essence, Plaintiff appears to argue that if "the ALJ explicitly found the state agency psychologists' opinions well-supported[,]" the ALJ would have had to find those opinions "more persuasive not less persuasive[.]" Dkt. 25 at 3. The Court disagrees.

An ALJ's reasoning must be supported by "substantial evidence." *Boyd*, 2022 WL 949904, at *1. Upon review of the record, the Court finds that substantial evidence supports the ALJ's determination that the state agency psychologists' opinions were supported. In addition, contrary to Plaintiff's objection, the ALJ did not explicitly find that the state agency psychologists' opinions were "well-supported." Dkt. 25 at 3; *see* AR 26. Moreover, the Magistrate Judge did not "admit[]" that the ALJ made such a finding. Dkt. 25 at 3. Instead, the Magistrate Judge correctly cited the record to confirm the conclusion that the ALJ found the opinions in question were "supported." Dkt. 24 at 19, 22.

As to the second factor included in Plaintiff's objections, "consistency" means that "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." 20 C.F.R. § 404.1520c(c)(2). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Craig*, 76 F.3d

at 589; *see, e.g.*, *May v. Comm. of Soc. Sec. Admin.*, 2021 WL 7286833, at *6 (D.S.C. Oct. 6, 2021), *report and recommendation adopted*, 2022 WL 593957 (D.S.C. Feb. 25, 2022), *aff'd*, 2023 WL 2908812 (4th Cir. Apr. 12, 2023) ("The ALJ's discussion of other findings in the record that were inconsistent with [the medical expert's] opinion illustrates his consideration of the consistency factor[.]").

Regarding consistency, the ALJ stated that the state psychologists' "opinions are not fully consistent with objective findings showing the claimant is more functional than indicated." AR 26. The ALJ pointed to specific objective medical evidence in the record that was inconsistent with the state psychologists' opinions, including that Plaintiff's "[m]ental status examinations [were] relatively normal notwithstanding her report of psychiatric symptoms." AR 26–27 (citing AR 1615, 1620, 1624, 1630).

Plaintiff objects to the ALJ's reasoning concerning the consistency factor, arguing that the ALJ only "provided one basic line of reasoning, and that was that the mental status exams were generally unremarkable." Dkt. 25 at 3. Plaintiff qualifies this reasoning as "lacking." *Id.* The Court disagrees.

The record demonstrates that the ALJ considered the mental status examinations and the state agency psychologists' opinions, analyzed whether they were consistent with one another, and discussed his conclusion. *See* AR 26–27. The ALJ's statements concerning consistency, or lack thereof, is a textbook application of the consistency factor. *See, e.g.*, *May*, 2021 WL 7286833, at *6. The Court understands that Plaintiff may disagree with the way in which the ALJ considered and analyzed the evidence in the record, but "the responsibility for that decision falls on the [ALJ]." *Craig*, 76 F.3d at 589.

6

Finally, Plaintiff objects to the ALJ's reasoning with respect to absenteeism in the residual functioning capacity ("RFC") finding. Plaintiff appears to fault the ALJ for not specifically discussing Dr. Verdile and Ms. Sarmiento's opinions concerning absenteeism. Dkt. 25 at 3–4. Plaintiff also argues that the ALJ "completely rejected" the four medical professionals' opinions in light of the mental status examinations. *Id.* at 4. The Court disagrees.

To determine the RFC, an AJC considers "objective medical evidence," "medical opinions," "other medical evidence," "evidence from non-medical sources," and "prior administrative medical findings." 20 C.F.R. §§ 404.1513(a)(1)–(5). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec. Admin.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). Moreover, the ALJ is not required "to specifically reject every limitation contained in a report the ALJ has discussed and found to be only partially or somewhat persuasive, so long as the reviewing court can ascertain the basis for the ALJ's findings." *Owen v. Kijakazi*, 2023 WL 2344224, at *3 (4th Cir. Mar. 3, 2023).

Here, the ALJ explained that Ms. Sarmiento's opinions were "not persuasive" because they appeared to be supported "by the claimant's subjective report of her limitations[.]" AR 27. The ALJ also noted that Ms. Sarmiento's opinions were "inconsistent with relatively normal mental status examinations." *Id.* The ALJ concluded that Dr. Verdile's opinions were "somewhat persuasive[,]" given that while they were "supported[,]" they were "not fully consistent with objective findings showing the claimant is more functional than indicated." *Id.* The record demonstrates that the ALJ took his findings with respect to all four medical professionals' opinions into consideration "together[,] using the factors" in forming his RFC finding. 20 C.F.R. § 404.1520c(a); *see* AR 22. The law does not require the ALJ to specifically refer to each medical

7

professional's opinion on absenteeism when making a decision, and despite repeatedly raising the absenteeism issue, Plaintiff fails to point to case law that asserts otherwise.

Thus, the Magistrate Judge was correct in finding that the ALJ's RFC finding was supported by substantial evidence, including because the ALJ explained the persuasiveness of each of the medical professional's opinions and his supporting reasons. Dkt. 24 at 26–30. In addition to the medical opinions' varying degrees of persuasiveness, the ALJ noted that several mental status examinations were "relatively normal," leading him to the conclusion that Plaintiff may be "more functional than indicated." AR 26. Thus, the ALJ found that Plaintiff "should not miss work excessively or require additional considerations." AR 26–27. Because the Magistrate Judge was able to "ascertain the basis for the ALJ's findings," the Magistrate Judge was correct to affirm the ALJ's decision. *Owen*, 2023 WL 2344224, at *3.

This Court therefore affirms Magistrate Judge Vaala's conclusion that: (1) the ALJ met his obligation to apply the correct legal standard (both the supportability and consistency factors) in evaluating the persuasiveness of the medical opinions of Drs. Sampson, Oritt, and Verdile, and Ms. Sarmiento-Reyes; and (2) substantial evidence supported the ALJ's conclusions regarding the persuasiveness of the medical opinions as concerning the RFC. *See* Dkt. 24 at 18, 22. Upon review of the record, this Court finds that the ALJ "buil[t] an accurate and logical bridge from the evidence to his conclusion[.]" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Accordingly, it is hereby

**ORDERED** that Plaintiff's Objections (Dkt. 25) are **OVERRULED**; and it is further

**ORDERED** that the Court **ADOPTS**, as its own, the findings of fact and recommendation, as set forth in the January 19, 2024 Report and Recommendation (Dkt. 24); and it is further

8

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 16) is **DENIED** and Defendant's Motion for Summary Judgement (Dkt. 19) is **GRANTED**.

The Clerk of Court is directed to enter Rule 58 judgment in favor of Defendant.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Entered this 8th day of March, 2024.
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge